IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SELENA DESMAINE, | Case No. 3:24-cv-00067-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COLUMBIA SPORTSWEAR COMPANY, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Selena Desmaine ("Plaintiff"), a self-represented litigant, recently filed an untimely response to Defendant Columbia Sportswear Company's ("Defendant") pending motion to dismiss and several motions. (*See* ECF Nos. 7, 11-17.) The Court HEREBY ORDERS as follows:

**I.    PLAINTIFF'S RESPONSE BRIEF**

In light of Plaintiff's status as a self-represented litigant and stage of this litigation, the Court finds good cause to accept Plaintiff's untimely response to Defendant's motion to dismiss. (ECF No. 17.) The Court therefore strikes its previous order taking Defendant's motion to dismiss (ECF No. 7) under advisement. (ECF No. 12.) Defendant may file a reply brief on or

PAGE 1 – OPINION AND ORDER

before March 14, 2024, and unless the Court so directs, no further briefing is allowed. *See generally* LR 7-1(e)(1)-(3) ("A party must file and serve any allowable reply to the response within 14 days after service of the response. . . . Unless directed by the Court, no further briefing is allowed.").

## II.     PLAINTIFF'S MOTION FOR EXTENSION OF TIME

The Court GRANTS Plaintiff's motion for a sixty-day extension of time in which to seek legal representation. (ECF No. 13.) Plaintiff shall have until April 29, 2024 to seek legal representation and the Court will abstain from resolving Defendant's motion to dismiss until after April 29, 2024.[1] On or before April 29, 2024, Plaintiff shall file a status report informing the Court about whether she was able to retain counsel, or counsel may file a notice of appearance.

## III.    PLAINTIFF'S MOTION FOR ADMISSION OF EVIDENCE

The Court DENIES Plaintiff's motion to admit evidence (ECF No. 16) because (1) it amounts to legal citations and arguments, all of which the Court will treat as incorporated by reference in Plaintiff's response (ECF No. 17) to Defendant's motion to dismiss, and (2) Plaintiff violated Local Rule 7-1 by failing to include in the motion a certification that she conferred with opposing counsel by phone or in person prior to filing the motion. *See Ovitsky v. Oregon*, 594 F. App'x 431, 431-32 (9th Cir. 2015) (holding that "[t]he district court did not abuse its discretion by denying [the self-represented litigant's] motion . . . because [her] motion failed to comply with local rules," and noting that "D. Or. R. 7-1(a) [provides that] the first paragraph of every

---

[1] The Court advises Plaintiff that she may seek free legal assistance from the Federal Bar Association's free legal clinic. Plaintiff may apply for a free, thirty-minute telephone session with a volunteer attorney at this website: https://oregonfederalbarassociation.org/federal-law-clinic/.

PAGE 2 – OPINION AND ORDER

motion must contain a certification regarding attempts to meet and confer; otherwise, the court may deny the motion").

The Court reminds Plaintiff that she must comply with local rules and court orders. *See Scott v. Diaz*, 286 F. App'x 508, 509 (9th Cir. 2008) ("The district court did not abuse its discretion by dismissing [the self-represented plaintiff's] actions for failure to comply with court orders and local rules after warning [him] that non-compliance could result in the dismissal of his action."); *McGee v. California*, No. 2:16-cv-01796, 2017 WL 902944, at *1 (E.D. Cal. Mar. 3, 2017) (noting that the plaintiff's "pro se status [did] not excuse compliance with the Federal Rules of Civil Procedures, Local Rules, and court orders"); *Hadsell v. Sickon*, No. 08-cv-01101-MO, 2009 WL 1290851, at *3 (D. Or. May 5, 2009) (stating that "a district court may dismiss an action when a pro se plaintiff has refused to communicate with defendants and failed to comply with the Local Rules, the Federal Rules of Civil Procedure, and the court's orders") (citation omitted).

## IV.  PLAINTIFF'S REQUEST FOR AN INTERPRETER

Plaintiff represents that she is "a Tibetan woman who faces a language barrier and requires assistance of a Tibetan interpreter to fully participate in this . . . case against [Defendant]," and thus asks the Court to "provide a Tibetan interpreter [to assist her during] all court proceedings related to this case." (ECF No. 15.) The Court DENIES Plaintiff's request for an interpreter at this time.

Several courts have denied a self-represented civil litigant's request for an interpreter under similar circumstances. For example, in *Valdez v. Dr. Zhang*, No. 20-cv-00736, 2021 WL 2305627, at *1 (S.D. Cal. May 4, 2021), the district court denied the self-represented adult in custody's motion for reconsideration of a previous "Order denying his request for appointment of an attorney or, in the alternative, an interpreter." *Id.* In denying the plaintiff's motion for

PAGE 3 – OPINION AND ORDER

reconsideration, the district court noted that the plaintiff's motion was "based on the same reasoning as his original motion[, i.e.,] he has limited education and limited English language abilities," and reiterated that "as the [c]ourt explained the first time, limited English proficiency is 'not an exceptional circumstance.'" *Id.* (citing, *inter alia*, *Garces v. Degadeo*, No. 1:06-cv-01038, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007)); *see also Garces*, 2007 WL 1521078, at *1 ("Plaintiff's inability to read or write in English does not constitute an exceptional circumstance."). The district court further explained that it was "unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action," and thus denied the plaintiff's alternative "request for an interpreter." *Valdez*, 2021 WL 2305627, at *1 (citing *Ruiz v. Shearer*, No. 2:20-cv-02078, 2021 WL 825992, at *2 (E.D. Cal. Mar. 4, 2021) and *Loyola v. Potter*, No. 09-cv-00575, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009)).

Like *Valdez*, the district court in *Gonzalez v. Bopari*, No. 12-01053, 2012 WL 6569776, at *1-2 (E.D. Cal. Dec. 17, 2012), denied the self-represented plaintiff's motion for appointment of an interpreter. *Id.* The district court noted that it was "unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action," and a sister district court previously found that while the plaintiff "may have [had] some difficulty with communicating in English, either verbally or in writing, [he was still] obligated to litigate the action in English." *Id.* at *1 (citation omitted). The district court added that in an unpublished 2000 decision, the Ninth Circuit affirmed the district court's grant of summary judgment for the defendants in a 42 U.S.C. § 1983 action and held that the district court did not abuse its discretion in denying the "plaintiff's motions for appointment of counsel and an interpreter." *Id.* (citing *Grant v. Just. Ct.*, 243 F.3d 547 (9th Cir. 2000)). The district court also noted that the

PAGE 4 – OPINION AND ORDER

plaintiff filed various matters like "his complaint . . . [and] motions in English," and thus it "appear[ed] that he [was] able to sufficiently communicate with the [c]ourt without the assistance of an interpreter." *Id.* at *2.

In *Ruiz*, the district court likewise noted that a "large portion" of the self-represented plaintiff's motion was "written in Spanish" and the plaintiff's motion "request[ed] that counsel and an interpreter be appointed because he [spoke] only Spanish, ha[d] a low [Tests of Adult Basic Education] score, and [could not] litigate or understand court rules, citations, or terminology." 2021 WL 825992, at *1-2. The district court stated that it was "unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action" and denied the "plaintiff's request for an interpreter." *Id.* at *2. The district court also declined to appoint counsel because it did "not find the required exceptional circumstances," as the "plaintiff's filings in [the] action show[ed] that he [could] prepare, or find assistance preparing, documents that adequately address legal issues." *Id.*; *see also Loyola*, 2009 WL 1033398, at *2 ("The court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action. . . . Accordingly, the court will deny plaintiff's request for an interpreter.").

Similarly in *Ruiz v. Pompa*, No. 22-0023, 2023 WL 6049986, at *2 (E.D. Cal. Sept. 15, 2023), the district court noted that there was "no statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action, including the in forma pauperis statute," the "plaintiff ha[d] been warned multiple times in [that] case [and others] that he must file documents in English or provide the court with a translation if he [did] file documents in a language other than English," and the plaintiff's "difficulty speaking English [did] not exempt him from this requirement and [did] not constitute exceptional circumstances warranting

PAGE 5 – OPINION AND ORDER

appointment of counsel."[2] *Id.* (simplified); *see also Ruiz v. Rojas*, No. 22-1345, 2023 WL 4054557, at *2 (E.D. Cal. June 16, 2023) ("[Plaintiff] requests that the court appoint him an interpreter . . . to help him litigate this case. . . . [Despite] the difficulties Plaintiff's limitations may pose for him in this action, [he] has not shown that this court has the authority to appoint him an interpreter. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. . . . The court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action. The in forma pauperis statute does not authorize the expenditure of public funds for court-appointed interpreters.") (simplified).

Finally, in *Khan v. LAPD Olympic Station*, No. 21-cv-03316, 2021 WL 12140274, at *3 (C.D. Cal. Sept. 14, 2021), the district court denied the self-represented plaintiff's motion for an interpreter. *Id.* The district court explained that it was "unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action at the pre-trial stage of the litigation," and unlike Federal Rule of Civil Procedure ("Rule") 43(d), which "grant[s] a trial judge discretion to appoint an interpreter for trial," the in forma pauperis statute "does not authorize the expenditure of public funds for court-appointed interpreters." *Id.* (citing 28 U.S.C. § 1915). The district court added that "based upon [its] review of the entire record, [it found] that [the] [p]laintiff at [the current] early stage of the proceedings ha[d] sufficient proficiency with the English language to pursue his claim." *Id.* at *4 (citing, *inter alia*, *Gonzalez*, 2012 WL 6569776, at *1-2).

///

---

[2] Before Defendant removed this case to federal court, the Multnomah County Circuit Court clerk issued an Order granting Plaintiff's request to proceed without the payment of fees. (ECF No. 1-1 at 10.)

PAGE 6 – OPINION AND ORDER

Consistent with these authorities, the Court denies Plaintiff's request to appoint "a Tibetan interpreter [to assist Plaintiff during] all court proceedings related to this case." (ECF No. 15.) The Court is "unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action at the pre-trial stage of the litigation." *Khan*, 2021 WL 12140274, at *3. The current record also fails to reflect that Plaintiff lacks sufficient English proficiency to pursue her claims at this pre-trial stage of litigation. For these reasons, the Court denies without prejudice Plaintiff's request for an interpreter.[3] *See id.* (same); *see also Lopez v. Nev. Dep't of Corr.*, No. 17-00732, 2019 WL 4450430, at *2 (D. Nev. Sept. 17, 2019) (denying a motion for appointment of an interpreter and/or counsel and explaining that "[Rule] 43 does not authorize the court to appoint interpreters for litigants in civil cases for the purpose of translating the overall proceeding," there is "no statutory authority to appoint an interpreter in civil cases," and there is "no constitutional right to free interpreter services in federal civil cases") (simplified).[4]

## V.   NON-LAWYER APPEARANCES

The Court notes that in Plaintiff's request for an interpreter (ECF No. 15), an individual named Gabriel Martinez ("Martinez"), whose email address includes the words "paralegal" and "student," appears to refer to Plaintiff as his "client." (*Id.*) As it has previously done (*see* ECF No. 11), the Court reminds Plaintiff (and Martinez) that a self-represented litigant may appear on

---

[3] However, in light of Plaintiff's alleged language barrier, the Court will waive the Local Rule 7-1 requirement that the parties confer in person or by telephone prior to filing a motion. The parties may instead confer via electronic mail, so that Plaintiff may access available digital translation resources.

[4] If this case proceeds past the pre-trial stage, Plaintiff may renew her request for an interpreter for trial. In addition, if the Court deems oral argument or a hearing necessary prior to trial, the Court will consult with the parties regarding available options for accessing a court-certified interpreter at that time.

PAGE 7 – OPINION AND ORDER

her own behalf, but a non-lawyer may not appear in court or file documents on Plaintiff's behalf. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'") (citation omitted); *Ritchie v. SEC*, No. 22-cv-05845, 2023 WL 3059847, at *3 (C.D. Cal. Apr. 24, 2023) ("Because Mr. Ritchie . . . is not a licensed attorney, the court finds he has no authority to appear as an attorney for others than himself. . . . Mr. Ritchie's purported power of attorney as to Mr. Johnson does not alter that conclusion.").[5] Accordingly, the Court orders that going forward, Martinez may not (and shall not) file documents on Plaintiff's behalf in this litigation.

## VI. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

The Court denies Plaintiff's motion for appointment of counsel of pro bono counsel (ECF No. 14).

"There is normally . . . no constitutional right to counsel in a civil case." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (citing *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 25-27 (1981)). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).

In evaluating "whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*,

---

[5] There is a document attached to Plaintiff's complaint naming Martinez as Plaintiff's power of attorney. (ECF No. 1-1 at 5-6.) As *Ritchie* notes, this purported power does not alter the conclusion that Martinez, who does not appear to be a licensed attorney, may not appear on Plaintiff's behalf.

718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

Exceptional circumstances warranting the appointment of counsel do not exist at this time. As discussed, Plaintiff has sufficient English proficiency to pursue her race discrimination-related claims against Defendant at this stage of the case, and courts have found that limited English proficiency and an inability to read or write in English do not constitute an exceptional circumstance. *See Valdez*, 2021 WL 2305627, at *1 (declining to reconsider a previous order denying the plaintiff's request to appoint counsel and stating that "as the [c]ourt explained the first time, limited English proficiency is not an exceptional circumstance") (simplified); *see also Garces*, 2007 WL 1521078, at *1 ("Plaintiff seeks reconsideration of the order denying his motion for the appointment of counsel on the ground that he speaks Spanish and does not read or write in English. . . . Plaintiff's inability to read or write in English does not constitute an exceptional circumstance.").

Furthermore, Plaintiff's race discrimination-related claims are not complex, and Plaintiff's allegations fail adequately to demonstrate that she is likely to succeed on the merits. Specifically, Plaintiff alleges that while shopping at Defendant's store on multiple occasions, Defendant's employees discriminated against Plaintiff on the basis of her race by, among other things, replacing the shoe Plaintiff selected with the incorrect size and attempting to change the subject when Plaintiff's fiancé confronted the manager about the situation. (ECF No. 1-1 at 2.) Plaintiff bases her claims on an interaction where Defendant's employee ignored her request for assistance, and a security officer helped Plaintiff find her correct shoe size after the "employee

incorrectly stated [that] her size was unavailable." (*Id.*) Plaintiff also bases her claims on what she "perceived as racially motivated surveillance," and cases involving others. (*Id.* at 2-3.) These facts in Plaintiff's current pleading, standing alone, do not demonstrate that she is likely to succeed on the merits of her claims.

For these reasons, the Court DENIES Plaintiff's motion for appointment of counsel (ECF No. 14) at this time, with leave to renew the motion if the case proceeds to trial.

**IT IS SO ORDERED.**

DATED this 29th day of February, 2024.

*Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 10 – OPINION AND ORDER