IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SELENA DESMAINE,                                              Case No. 3:24-cv-00067-SB

              Plaintiff,                            **OPINION AND ORDER**

        v.

COLUMBIA SPORTSWEAR COMPANY,

             Defendant.

**BECKERMAN, U.S. Magistrate Judge.**

      Selena Desmaine ("Plaintiff"), a self-represented litigant, moves for leave to file a second amended complaint against Columbia Sportswear Company ("Defendant"). The Court HEREBY ORDERS as follows:

      The Court DENIES Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 48) for two reasons. First, Plaintiff failed to comply with Local Rule ("LR") 15-1. *See* LR 15-1(a)-(b) ("A motion for leave to file an amended or supplemental pleading must describe the proposed changes. . . . An amended or supplemental pleading may not incorporate by reference any part of the prior pleading, including exhibits. . . . A copy of the proposed amended or amended pleading that shows—through redlining, underlining, strikeouts, or other similarly

PAGE 1 – OPINION AND ORDER

effective methods—how the amended pleading differs from the operative or superseded pleading

must be attached as an exhibit to . . . [a] motion for leave to file the amended

pleading[.] . . . [Only] [s]elf-represented persons who are in custody are exempted from the

exhibit requirement.").

Second, Plaintiff failed to comply with Court's previous order reminding Plaintiff that

she must comply with the local rules and court orders. *See* Op. & Order at 2-3, ECF No. 18

(reminding "Plaintiff that she must comply with local rules and court orders" (first citing *Ovitsky*

*v. Oregon*, 594 F. App'x 431, 431-32 (9th Cir. 2015); then citing *Scott v. Diaz*, 286 F. App'x

508, 509 (9th Cir. 2008); then citing *McGee v. California*, No. 2:16-cv-01796, 2017 WL 902944,

at *1 (E.D. Cal. Mar. 3, 2017); and then citing *Hadsell v. Sickon*, No. 08-cv-01101-MO, 2009

WL 1290851, at *3 (D. Or. May 5, 2009))); *see also Scott*, 286 F. App'x at 509 ("The district

court did not abuse its discretion by dismissing [the self-represented plaintiff's] actions for

failure to comply with court orders and local rules after warning [him] that non-compliance

could result in the dismissal of his action."); *McGee*, 2017 WL 902944, at *1 (noting that the

plaintiff's "pro se status [did] not excuse compliance with the Federal Rules of Civil Procedure[],

Local Rules, and court orders"); *Hadsell*, 2009 WL 1290851, at *3 (stating that "a district court

may dismiss an action when a pro se plaintiff has refused to communicate with defendants and

failed to comply with the Local Rules, the Federal Rules of Civil Procedure, and the court's

orders") (citation omitted).

For all of these reasons, the Court DENIES Plaintiff's Motion for Leave to File a Second

Amended Complaint (ECF No. 48). *See Ovitsky*, 594 F. App'x at 431-32 (holding that "[t]he

district court did not abuse its discretion by denying [the self-represented plaintiff's] motion for

leave to file a third amended complaint [in part] because [the self-represented plaintiff's] motion

failed to comply with local rules," including LR 15-1, which at the time similarly provided that "an amended pleading may not incorporate any part of the prior pleading by reference and any party moving for leave to file an amended pleading must describe the proposed changes") (simplified).

Considering that Plaintiff is proceeding as a self-represented litigant and identifies herself as a "Tibetan woman who faces a language barrier" (Op. & Order at 3, ECF No. 18, citing ECF No. 15), the Court grants Plaintiff an opportunity to cure the above described failure to comply with LR 15-1, and leave to re-file her motion for leave to amend by October 28, 2024. In the alternative, Plaintiff may file (by October 28, 2024) a combined (1) response to Defendant's pending motion to dismiss, and (2) request for leave to amend addressing her ability to cure, proposed amendments, and related arguments. *See* ECF Nos. 44, 48 (granting Plaintiff's request for a sixty-day stay and ordering Plaintiff to file a response to Defendant's motion (ECF No. 40) by October 15, 2024, and showing that Plaintiff instead filed only a motion for leave to amend on October 9, 2024). The Court, however, warns Plaintiff that it will not grant any additional extensions of time and Plaintiff's continued failure to comply with the Court's local rules and orders may result in dismissal of this action.

**IT IS SO ORDERED.**

DATED this 21st day of October, 2024.

HON. STACIE F. BECKERMAN
United States Magistrate Judge